YORK REALTY, INC. *vs.* ARTHUR A. WILLIAMS.

Suffolk.   November 3, 4, 1943. — December 28, 1943.

Present: FIELD, C.J., LUMMUS, QUA, COX, & RONAN, JJ.

*Way,* Private: extinguishment.   *Easement.   Merger.   Real Property,*
Easement, Merger of title.

A right of way created in favor of the westerly and middle of three ad-
joining lots over the easterly lot was not extinguished as to the westerly
lot on the ground of merger of title when subsequently the same per-
son became the owner of both the westerly and middle lots or when,
still later, the owner of the easterly or servient lot acquired title to
the middle lot.

A finding of abandonment of a right of way created in favor of a lot of
land over a passageway on another lot to a street was not required
by the mere fact that the building on the dominant lot was later
demolished in the course of a street widening project.

PETITION, filed in the Land Court on June 15, 1942.

The petitioner appealed from a decision by *Fenton*, J.

*R. I. Gottlieb*, for the petitioner.

*A. T. Handverger*, (*J. L. Doyle* with him,) for the respond-
ent.

COX, J.   This is a petition to register title under G. L.
(Ter. Ed.) c. 185 to a parcel of land situated at the corner of
Kneeland and Tyler streets, in Boston, and numbered 58 on
Kneeland Street.

The trial judge found that prior to October 1, 1839, one
Shaw was the owner of the land now included in the lots
numbered 54, 56 and 58 Kneeland Street.   These lots are
hereinafter referred to by their respective numbers.   In
1840, Shaw conveyed No. 58 with buildings thereon to one
Whitten, subject to a right of passage for the benefit of the
two adjoining lots on the west (Nos. 54 and 56) being "a
right to pass and repass in, upon, and over the passageway
forty eight feet six inches long, two feet six inches wide, and
not less than seven feet high, leading across the rear or
northerly end of this and the two adjoining westerly lots,

and extends to said Buffalo [now Tyler] Street." Numbers 54 and 56 were conveyed in 1896 to one Walker by a single deed, No. 54 being conveyed "with all the rights, easements, privileges and appurtenances to the same belonging particularly the right to pass and repass on, upon, and over" the passageway as defined in the deed to Whitten, "and subject to a mortgage of $7,000.00 . . . which the said Walker agreed to assume and pay, together with all interest thereon." The petitioner is a successor in title of Walker to No. 56, and the respondent is likewise a successor in title to No. 54. Number 56 lies between No. 54 and No. 58. The deed to the respondent in 1927 of No. 54 recited that "said premises are conveyed with the benefit of and subject to the rights and easements now *enforced* and applicable." This deed was from one Boardman who had held title to it as a straw for the respondent since 1921. The building on No. 54 was demolished as a part of the Kneeland Street widening project in 1926, but the tenants of No. 54 used the right of way to Tyler Street which the respondent now claims. The petitioner acquired title to No. 58 by deed from the city of Boston, dated May 22, 1942, the city having previously taken title under a tax deed and all rights of redemption having been foreclosed and barred by decree of the Land Court. (See G. L. [Ter. Ed.] c. 60, § 45, in the amended form appearing in St. 1938, c. 339, § 1.) There was no evidence of a merger of title of Nos. 54 and 58 from the time Shaw held title to all three parcels to the present time. The judge decided that the right of way claimed by the respondent over No. 58 was not lost by merger, and found as a fact that there had been no abandonment of the right of way by the respondent. He ruled that the petitioner was entitled to a decree of registration of the land described in the petition, subject to the right of the owner of No. 54 to pass and repass in, upon, and over a passageway two feet six inches wide, and not less than seven feet high, leading across the rear or northerly end of the land and extending to Tyler Street, "and also subject to any matters recited in a stipulation with the City of Boston filed November 27, 1942." The record does not disclose any such stipulation. The

parties, however, have raised no question concerning it or the appropriateness of the recital relating to it in the order for decree.

We are of opinion that no error is disclosed. It seems apparent from the findings of the judge that, as early as 1840, No. 58 became servient to the dominant right of passage for the benefit of Nos. 54 and 56. Shaw owned all three parcels prior to his deed to Whitten. In so far as Nos. 54 and 56 are concerned, nothing more appears in the record relative to the rights of the owners of these parcels at the time of the conveyance by Shaw to Whitten than the finding that No. 58 was subject to a right of passage for their benefit. There has been no contention that the owner of No. 54 did not have a right of passage over No. 56. It may be assumed that, at the time of the deed to Whitten, there was a building on No. 56 inasmuch as the westerly bound of No. 58 is given as "by a line running through the centre of the brick partition wall forty six feet six inches." Number 54 was always a separate parcel, and there must have been a building on it at some time inasmuch as one was demolished. Apart from these conclusions and the description of the passageway contained in the several deeds, nothing more appears as to the physical characteristics of the passageway, although the petitioner seems to assume that it was somewhat similar to the passageway described in *Albano* v. *Puopolo*, 309 Mass. 501, 503–504.

It is a settled principle of law that, in order to extinguish an easement by merger, a unity of title must have come into existence in the same person. *Ritger* v. *Parker*, 8 Cush. 145, 147. *Rogers* v. *Powers*, 204 Mass. 257, 262. The petitioner as owner of Nos. 56 and 58 no longer has an easement over No. 58. It cannot have an easement in its own estate in fee. *Ritger* v. *Parker*, 8 Cush. 145, 147. It is true that the petitioner is a successor in title of Walker to No. 56, and it is also true that Walker at one time owned both Nos. 54 and 56. But Walker never acquired title to No. 58, so that there never was a merger of title in so far as Nos. 54 and 58 are concerned unless, as it is contended by the petitioner, the easement was extinguished by the unity of title in Walker.

Walker as the owner of Nos. 54 and 56 had a right of passage over No. 58. Walker and his successors in title, at least so long as the two parcels were not subdivided, were entitled to make use of the passageway to Tyler Street from any part of the passageway on Nos. 54 and 56. It does not appear when the petitioner acquired title to No. 56, but it is a successor in title of Walker to No. 56 as is the respondent to No. 54. "That unity of title in the dominant and servient estate should operate to extinguish an easement, the ownership of the two estates should be coëxtensive. When a person holds one estate in severalty and only a fractional part of the other, there is no extinguishment of an easement." *Atlanta Mills* v. *Mason,* 120 Mass. 244, 251. *Rice* v. *Vineyard Grove Co.* 270 Mass. 81, 86. The unity of title of Nos. 54 and 56 did not operate to extinguish the easement of passage over No. 58.

The precise question for determination in the case at bar is whether the petitioner is entitled to register the title to No. 58 without reference to an easement of passage over it in favor of the owner of No. 54. The finding is that it is not so entitled. It was said in *Rice* v. *Vineyard Grove Co.* 270 Mass. 81, 86: "When the easement is of a right of way, the unity of title in the dominant and servient estates which will operate to extinguish it must be an ownership of the two estates which is coëxtensive. A partial unity of title will not result in such extinguishment unless it so separates the land that the easement can no longer be appurtenant." We think it is apparent from the findings that the easement over No. 58 extended to Nos. 54 and 56. The easement in favor of No. 54 was over No. 58. It is true that, in order to reach No. 58, the owner of No. 54 had to pass over No. 56, and no question is raised but that such right of passage existed at least until the title to Nos. 54 and 56 merged in Walker. For reasons already stated, we are of opinion that this merger of title did not extinguish the easement. The easement extended to every portion of Nos. 54 and 56. *Kent* v. *Waite,* 10 Pick. 138, 141. And we are of opinion that the fact that the petitioner acquired title to No. 56 did not so separate the land that

the easement can no longer be appurtenant.  See *Tuttle* v. *Kilroa*, 177 Mass. 146, 150; *Jones* v. *Stevens*, 276 Mass. 318, 323–325; *Empire Bridge Co.* v. *Larkin Soap Co.* 59 Misc. (N. Y.) 46, 50–53, affirmed 132 App. Div. (N. Y.) 943; *Henrie* v. *Johnson*, 28 W. Va. 190, 192–193; and *Perry* v. *Wiley*, 285 Ill. 25, 28–29.

The trial judge found that there had been no abandonment of the easement by the respondent.  In this connection the petitioner contends that, upon the demolition of the building on No. 54, the right of way over Nos. 56 and 58 ceased to exist, relying upon *Cotting* v. *Boston*, 201 Mass. 97, 101–102, *Union National Bank of Lowell* v. *Nesmith*, 238 Mass. 247, and *Ansin* v. *Taylor*, 262 Mass. 159.  We are of opinion, however, that these cases are distinguishable upon the facts there disclosed.

We have found it unnecessary to consider the bald fact that when No. 54 was conveyed to Walker it was subject to a mortgage which Walker assumed and agreed to pay.  See *Ritger* v. *Parker*, 8 Cush. 145, 148, 150.

*Decision affirmed.*