Alexander R. AMELL, Plaintiff,

v.

Janice A. KUCEWICZ, Individually and as Executrix of the Estate of Alice R. Amell, Defendant.

No. CIV. A. 96–30263–MAP.

United States District Court, D. Massachusetts.

July 1, 1999.

F. Michael Joseph, Joseph, St. Clair & Cava, Springfield, MA, for Alexander R. Amell, Plaintiff.

Henry L. Rigali, Springfield, MA, for Janice A. Kucewicz, Individually and as Executrix of the Estate of Alice R. Amell, Defendant.

*MEMORANDUM REGARDING
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT*

(Docket No. 32)

PONSOR, District Judge.

### I. INTRODUCTION

This is an action for specific performance of a contract to convey title to lakefront real estate located in Vermont, brought by a New Hampshire resident against a Massachusetts title holder.

The defendant has moved for summary judgment, contending that Vermont's so-called "Dead Man's Statute," § 12 V.S.A. 1602 precludes admission of plaintiff's testimony as to the contents of the contract he seeks to enforce. Since no evidence in the record beyond the contract supports plaintiff's claim of entitlement to the property, defendant argues that she is entitled to judgment without trial pursuant to Federal Rules of Civil Procedure 56. This court agrees, and the Motion for Summary Judgment will therefore be allowed.

### II. FACTS

Prior to 1964, Alexander Amell, plaintiff in this case, and his brother, Louis, jointly owned a parcel of real estate on the shore of Lake Saint Catherine in Poultney, Vermont. In 1964, Alexander and his wife Allison signed over their interest in the property to Louis and his wife Alice. At the time of the conveyance, plaintiff alleges, Louis and Alice gave Alexander "an option and first refusal to purchase the premises herein described, in the event said premises are to be sold or title transferred." (Docket No. 34, Agreement at 2). This agreement was never recorded and is apparently no longer extant in its original form. Plaintiff has proffered a photocopy of what he claims was the agreement, at least in substantial form.

In 1995 Louis Amell died, leaving his wife Alice in sole possession of the property. It is undisputed that on April 25, 1995 Alice Amell conveyed title to the property to her niece, Janice Kucewicz, the defendant in this case, by quitclaim deed. One month later, Alice Amell herself died.

Alexander Amell, now a widower, has informed the defendant of his interest in purchasing the Poultney property in accordance with the 1964 agreement. Kucewicz has apparently stated informally that she is willing to offer the property to Alexander first, when and if she decides to sell it, but that at present she intends to retain title and possession of the property.

As noted, Alexander Amell now seeks specific performance of the 1964 contract. In his view, this document entitled him to purchase the property at his election at the time of the conveyance from Alice Amell to Kucewicz. Significantly, the agreement stipulates a sales price of $5,000 with certain adjustments, which may be less than the value of the property today.

### III. DISCUSSION

Federal Rule of Evidence 601 states that "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the competency of a witness shall be determined in accordance with State law." The Advisory Committee Notes to the 1974 Amendment to this Rule specifically confirm that Rule 601 is intended to recognize Dead Man's Statutes. Given this, it is clear that, if this case were brought in the United States District Court in Vermont, Vermont's Dead Man's Statute would apply. Indeed, the District of Vermont has so recognized. *See Foucher v. First Vermont Bank & Trust Co.*, 821 F.Supp. 916, 927 (D.Vt.1993).

The fact that this case has been brought in the District of Massachusetts does not change the outcome. It is well established that federal courts sitting in diversity apply the substantive laws of the district in which they are located, including that forum's choice of law rules. *See*

*Spurlin v. Merchants Ins. Co.*, 57 F.3d 9, 10 (1st Cir.1995).

Under Massachusetts law, disputes concerning interests in real estate are governed by the law of the state in which the land is located. *See Cheever v. Graves*, 32 Mass.App.Ct. 601, 610, 592 N.E.2d 758 (1992), (citing Restatement (Second) of Conflict of Laws § 223 (1969)). Vermont therefore "supplies the rule of decision" in this case and "the competency of a witness shall be determined in accordance with [Vermont's] law." Fed.R.Evid. 601.[1]

The contract in question here, which purports to bestow certain rights on the plaintiff, is not self authenticating. Indeed, it is not even clear that the document in possession of the plaintiff is a copy of the actual contract. At a minimum, testimony will be required before the photocopied document can be considered as evidence. The Vermont Dead Man's Statute, § 12 V.S.A. 1602, states that "[a] party shall not be allowed to testify in his own favor where the other party to the contract or cause of action in issue on trial is dead . . . ." Here, plaintiff is the only surviving party to the contract he seeks to enforce. But, under the Vermont statute, he lacks competence to testify as to the terms of the contract.

Since there is no evidence to support plaintiff's case beyond plaintiff's own inadmissible testimony, defendant's Motion for Summary Judgment must be allowed.

## IV. CONCLUSION

For the foregoing reasons, defendant's Motion for Summary Judgment is hereby ALLOWED.

---

1.   It is noteworthy that, even if the court were to conclude that Massachusetts law applied to this dispute, the plaintiff's case would contain an equally fatal flaw. Massachusetts law requires that agreements affecting real estate must be exercised within thirty years of their creation. *See* Mass. Gen. Laws ch. 184A, § 5(a).