## NORMAN STOCKWELL *vs.* HENRY COUILLARD.

Franklin. Jan. 7. — Sept. 13, 1880. COLT & LORD, JJ., absent.

The owner of a parcel of land granted by deed, duly recorded, to A. a part of the land, and a right to maintain a dam on the rest; and afterwards conveyed to a third person the whole parcel, "reserving" all the rights of A., his heirs and assigns, therein. *Held*, that this created an exception and not a reservation; and that the second grantee could not maintain an action against his grantor on the covenant of seisin in his deed.

CONTRACT for breach of the covenant of seisin contained in a deed of land from the defendant to the plaintiff. Trial in the Superior Court, without a jury, before *Dewey*, J., who found for the plaintiff; and reported the case for the determination of this court. The facts appear in the opinion.

*J. A. Aiken*, for the defendant.

*S. T. Field*, for the plaintiff.

ENDICOTT, J. The defendant in his deed to the plaintiff, dated in June 1873, describes a parcel of land by metes and bounds, about fourteen hundred feet in length, and in width about four hundred feet at the northern end and about one hundred feet at the southern end, lying between a highway and the Deerfield River. Following the description is this clause, "reserving all the right A. Bowen, or his heirs or assigns, may have to fasten a dam across said river and to said premises, and all rights said Bowen has in the same." The construction to be given to this clause is the principal question presented in the argument.

The southern portion of this strip of land, not more than one hundred feet wide in any part, had been conveyed in 1860, by metes and bounds, to Alfred Bowen by Russell Stone, who then owned the farm of which the whole parcel forming the bank of the river was a part. This deed was duly recorded, and following the description of the land conveyed was this provision: " Together with the right of abutting a dam so far inland as to make the said dam safe and secure at all stages of water, but on condition, nevertheless, that any damage done to growing crops, by washing of the river, in consequence of the erection of such dam, or by passing over other land for the purpose of repairs to such dam, shall be paid for by the grantee and those claiming under him." Bowen thus took a title to the land specifically conveyed, and also acquired rights in the other part of the parcel fourteen hundred feet in length abutting on the river. He owned the premises, but had built no dam when the plaintiff took his deed.

In 1862, Stone made a deed of his farm to one Clemons, which included in the description the bank of the river; and in 1872 Clemons conveyed the same to the defendant, and the deed, which was duly recorded, referred to the interest of Bowen in the premises in these words: " also reserving whatever right A. Bowen or assigns may have to fasten a dam across said Deerfield River, and to said granted premises."

The deed of the defendant to the plaintiff clearly pointed out that Bowen, his heirs and assigns, had an interest in the land

conveyed; and a reference to the public records would have disclosed the character and extent of that interest. We are therefore of opinion, that the plaintiff took his deed subject to the rights of Bowen in the premises conveyed, which were thus excepted out of the grant.

The distinction between an exception and a reservation is well established; and it may be said, in general terms, that by a reservation a grantor reserves some new thing to himself, not in existence before, out of the granted premises, such as rent or an easement; by an exception some part of the thing granted is taken out of the premises conveyed, as where a certain parcel of land, or a building, or certain rights and privileges belonging to the grantor or to others, are excepted out of the general words and description of the grant. The words "reserving" and "excepting" are often used indiscriminately, and whether a particular provision is an exception or a reservation does not depend upon the use of the word "reserving" or "excepting," but upon the nature and effect of the provision itself. *Gale* v. *Coburn,* 18 Pick. 397, 400. *Hurd* v. *Curtis,* 7 Met. 94.

By the use of the word "reserving" in the defendant's deed, it is plain it was not intended to reserve anything to the defendant, for the rights of A. Bowen in the premises constitute the subject matter reserved, or, more properly speaking, excepted from the conveyance; and what these rights were was capable of being made certain by reference to the records, wherein the particular part of the premises conveyed to Bowen was described.

Every exception may be said to be inconsistent with the grant, but it is not void because inconsistent; it must be so inconsistent with the grant itself, that is, so repugnant to it, that the grant would be practically inoperative, and, as it cannot be presumed that this was the intention, the exception in such case must be treated as invalid. But the facts in this case bring it within the general rule, that where a parcel of land is conveyed in general, an exception of a particular lot, or of the rights of a person therein, is not repugnant, but is to be considered as valid. *Sprague* v. *Snow,* 4 Pick. 54. It has been repeatedly held that a conveyance of land, reserving or excepting the dower set off to a widow, was a good exception of her interest therein.

*Canedy* v. *Marcy*, 13 Gray, 373.    *Meserve* v. *Meserve*, 19 N. H. 240.    *Crosby* v. *Montgomery*, 38 Vt. 238.    *Swick* v. *Sears*, 1 Hill (N. Y.) 17.    The interest set off to the widow is capable of being made certain.    So an exception of land taken for a highway, or for a railroad, is a valid exception.    *Richardson* v. *Palmer*, 38 N. H. 212.    *Munn* v. *Worrall*, 53 N. Y. 44.    And where a tract of land was granted, "except what I have heretofore conveyed to divers persons," it was held that it conveyed only the lands not previously granted.    *Cornwell* v. *Thurston*, 59 Misso. 156.    See also *Wooley* v. *Groton*, 2 Cush. 305 ; *Forbush* v. *Lombard*, 13 Met. 109 ; *Sawyer* v. *Coolidge*, 34 Vt. 303 ; *Moulton* v. *Trafton*, 64 Maine, 218 ; *Young, petitioner*, 11 R. I. 636 ; *Dolan* v. *Trelevan*, 31 Wis. 147 ; *Pettee* v. *Hawes*, 13 Pick. 323 ; *Cook* v. *Farrington*, 10 Gray, 70.

As the deed to the plaintiff conveyed only such title as the grantor had in the land, excluding the interest of Bowen therein, the covenant of seisin was qualified and limited by the grant. *Allen* v. *Holton*, 20 Pick. 458.    *Sweet* v. *Brown*, 12 Met. 175. The plaintiff, therefore, cannot maintain this action for the breach of that covenant.    *Judgment for the defendant.*