PHIDELAH RICE *vs.* VINEYARD GROVE COMPANY.

Dukes County.    October 28, 1929. — January 17, 1930.

Present: RUGG, C.J., PIERCE, SANDERSON, & FIELD, JJ.

*Way,* Private: creation, extent, extinguishment. *Deed,* Construction. *Easement.*

A corporation, which owned shore land, situated on a bluff, and the adjacent beach, conveyed to a hotel company a portion of such land bounded on the east by a strip of the grantor's land at the edge of the bluff, on the west by a way and on the south by another way leading to the shore, with the right to use for bathing purposes the beach opposite the tract conveyed and "a right of way to pass and repass from and to the shore . . . in the way now used for that purpose." Subsequently the corporation reacquired title to the southern portion of said tract, and title to the northern portion was acquired by another. In a petition thereafter brought in the Land Court by the owner of the northern portion, the petitioner sought to have registered a right of way directly from his land across the adjacent strip to the east belonging to the corporation and down over the bluff to the beach. He had built steps down over that way. The petition was opposed by the corporation. In his decision, the judge who heard the petition found the foregoing facts and also found that the right of way specified in the deed from the respondent to the hotel company was so poorly described that it must be disregarded; stated the issue to be, whether that deed, by granting the right to use for bathing purposes all the beach adjacent to the tract conveyed, necessarily carried with it a right of direct access thereto from the land subsequently acquired by the petitioner, or whether the petitioner was left by the deed to get to the beach by using the two ways at the east and south of the tract conveyed; and ruled that there was, appurtenant to the petitioner's land, a right to the use of the beach for bathing purposes and "the right of going to and from the same over the intervening strip of bluff and beach upland belonging to the respondent adjacent to the petitioner's lot." A decree was ordered accordingly. The respondent alleged exceptions. *Held,* that

(1) The petitioner, in order to establish a right of access to the beach for the purpose of bathing, was not required to establish the right of way specified in the deed: the grant of that specific way was not inconsistent with a right of access to the beach directly from the petitioner's

land, if such direct right of access were reasonably necessary for the enjoyment of the right to the use of the beach also granted in the deed;

(2) The findings and order by the trial judge meant that the direct right of access claimed by the petitioner was reasonably necessary to his enjoyment of the right to use the beach for bathing purposes;

(3) The right to use the beach for bathing purposes was appurtenant to any subdivision of the tract originally conveyed by the deed in the absence of an additional burden on the servient estate thereby;

(4) It could not properly have been ruled that any easements appurtenant to the petitioner's land were terminated by merger by the subsequent reconveyance to the respondent of the southern portion of such tract: there was only a partial unity of title to the dominant and servient estates which did not so separate the land as to extinguish the easement appurtenant to the petitioner's portion thereof;

(5) The easement granted by the deed was the right to use the beach for bathing purposes, with an incidental privilege of going thereto across the respondent's intervening strip of land;

(6) In order to exercise that undefined incidental privilege, the petitioner was not required to show that he had acquired a right of way across the respondent's intervening strip of land by a specified defined course;

(7) The decision by the judge properly defined the easement granted by the deed as that of using the beach for bathing and sufficiently defined the incidental privilege of access;

(8) The exceptions were overruled.

PETITION, filed in the Land Court on May 7, 1926, for registration of title to land.

The case was heard by *Davis,* J., material findings by whom are stated in the opinion. The following sketch describes the land and surroundings:

The petitioner owns lot A, and the respondent lots B and C.

The judge ordered the entry of a decree in favor of the petitioner. The respondent alleged exceptions.

*R. Wait,* (*S. H. Babcock* with him,) for the respondent.

*A. W. Davis,* for the petitioner.

SANDERSON, J. This petition was brought to register the title to a tract of land situated in the town of Oak Bluffs. The sole question now presented relates to easements.

The decision of the judge of the Land Court is in part in the following terms: "The petitioner owns a tract of land situated on the bluff on the westerly side of Vineyard Haven. Various matters in controversy have been disposed of. There remains only the petitioner's claim of a right of access to the beach at the foot of the bluff for bathing purposes. The land is a portion of a very large tract known as the Highlands formerly owned by the respondent. The Vineyard Grove Company had a plan drawn showing this large tract cut up into many lots by streets and avenues, with a street called Commercial Avenue at the south running to the shore and to a wharf. To the north of the way to the wharf was a hotel known as the 'Highland Hotel'. . . . In 1877 the Vineyard Grove Company conveyed to certain persons, partners in the hotel business, a tract of land containing about two acres, with the Highland Hotel situated thereon, bounded south by Commercial Avenue and easterly by Atlantic Avenue, 'including also the bathing houses in front of said hotel, with the use of all the beach in front of the within described lot of land for bathing purposes only: with a right of way to pass and repass from and to the shore of Vineyard Sound in the way now used for that purpose, or by any other way which may be hereafter selected by said Highland Hotel Company within the described premises now conveyed to the said Highland Hotel Company.' The Highland Hotel burned down, and title to the greater portion of the tract granted in 1877 was reacquired and is still held by the Vineyard Grove Company. Title to the northerly portion of the tract has been acquired by the petitioner. Some question has been raised in regard to Atlantic Avenue . . . I find that there is not, never was, and cannot be, any Atlantic Avenue as

called for by the deed. . . . Where or what was the 'right to pass and repass from and to the shore in the way now used for that purpose' does not appear. What a grant of 'any other way' to be selected by the Hotel Company within its own premises could have been, does not appear. Both sides agree that there were two distinct easements: (1) a right to use the beach for bathing and (2) a right of way to the shore. The way to the shore was probably a way to get from the hotel property to the wharf and the shore adjacent thereto. It was so ill-described, however, that it is impossible to tell exactly what it was. It is, as the petitioner notes in his argument, of no practical importance now, and must be disregarded. The real question is whether the grant of a right to use all the beach in front of the land described in the deed of 1877 for bathing purposes carried with it, by necessary implication, a right of access therefor direct from the land now of the petitioner; or whether, as contended by the respondent, it merely granted a right to use the beach, leaving the petitioner to get there by going down Highland Drive and Commercial Avenue, and then back again up the beach. The petitioner has a summer school on his lot of land, and the bathing right is one of immediate and practical value in connection therewith. The respondent owns the strip of bluff and beach upland between the petitioner's land and the Sound. The petitioner has built steps in front of his house right down the bluff to the beach. The respondent argues that since a specific right of way to the shore was granted (wherever it may have been) there can be no implied grant of another way to reach the shore for bathing purposes. The petitioner replies that he does not claim a right of way by implied grant, but that the right to bathe on the beach necessarily includes such right to get there for the purpose as is reasonably necessary for the proper enjoyment of the privilege. I think that the petitioner is right. The appurtenant right was not lost by merger when the owner of the servient estate reacquired title to a portion only of the dominant estate. I rule that there is appurtenant to the petitioner's land a right to the use of the

beach belonging to the respondent in front of the petitioner's land and as far south as the present Commercial Street and wharf, for bathing purposes only, and the right of going to and from the same over the intervening strip of bluff and beach upland belonging to the respondent adjacent to the petitioner's lot." The Vineyard Grove Company, herein called the respondent, excepted to the refusals of the judge to give certain rulings requested and to portions of the decision.

The findings of fact upon which the decision of the Land Court rests are binding upon the parties. *Marvel* v. *Cobb,* 204 Mass. 117. *Webber* v. *Cox,* 256 Mass. 595. The part of the land owned by the partners in the hotel business which was reacquired by the respondent before the petitioner became the owner of the locus is the lot adjoining that of the petitioner on. the south and will be referred to as the southerly lot.

The question, whether the judge was right in his belief that the easement of way to the shore was probably a way to get from the hotel property to the wharf and shore adjacent thereto, is immaterial because, upon the findings, if such a way existed, it is no longer of practical importance and is to be disregarded. The petitioner's right of access to the beach for bathing was not dependent upon his establishing the second easement relating to a right of way to the shore of Vineyard Sound. The specific grant of that right of way for one purpose was not inconsistent with a right of direct access to the beach over the respondent's adjoining strip of land on the east reasonably necessary for the enjoyment of the other privilege granted, namely, the right to use the beach in front for bathing. The petitioner is now seeking, not to establish a right to pass from his land over the southerly lot reconveyed to the respondent, but only to establish his easement to use the beach for bathing. The right of access incidental to this easement is over the land adjoining the petitioner's property on the east. The judge has in effect found that this right of access is reasonably necessary for the proper enjoyment of the use of the beach for bathing.

It may be assumed that any right of way which had existed over the southerly lot has been extinguished, but it does not follow that the petitioner has lost the right of direct access to the beach for the purpose specified. The grant to the respondent, as the owner of the servient estate, of the southerly lot with all the privileges and appurtenances thereto belonging carried with it the privileges and appurtenances to the lot granted but not those attached to the petitioner's lot over other land of the respondent adjacent to that lot incidental to the right to use the beach for bathing. By a proper construction of the conveyances the right of the petitioner to reach the beach in front of his lot gave him the right to pass over the land of the respondent intervening in front or on the east between that of the petitioner and the beach. The judge correctly refused to rule in effect that any easement appurtenant to the petitioner's land in land of the respondent was merged and terminated by the reconveyance of the southerly lot. There was no merger of title which precluded the owner of the locus from continuing to make use of the strip of land in front of his premises to reach the beach for bathing. The right to use all the beach in front for bathing was appurtenant to the whole lot granted in 1877 and to any part into which it was later subdivided unless some additional burden would thereby be placed on the servient estate. *Whiting* v. *Dewey*, 15 Pick. 428. *Underwood* v. *Carney*, 1 Cush. 285. *Brown* v. *Thissell*, 6 Cush. 254. *Reed* v. *West*, 16 Gray, 283. *Fox* v. *Union Sugar Refinery*, 109 Mass. 292. *Butrick* v. *Tilton*, 141 Mass. 93.

When the easement is of a right of way, the unity of title in the dominant and servient estates which will operate to extinguish it must be an ownership of the two estates which is coëxtensive. A partial unity of title will not result in such extinguishment unless it so separates the land that the easement can no longer be appurtenant. *Ritger* v. *Parker*, 8 Cush. 145. *Atlanta Mills* v. *Mason*, 120 Mass. 244. *Cetlin* v. *Bradford*, 242 Mass. 434. The conveyance of the southerly lot to the respondent did not include the land in front of the petitioner's premises over

which right of access to the beach existed, nor did it purport to convey the petitioner's right to make use of this front land in getting to the beach. The case at bar is distinguishable in its facts from the case last cited. The judge of the Land Court was justified in considering the language of the deed as granting under the first easement referred to in it the right to use to the extent stated all the beach in front of the granted premises for bathing purposes only, and as incidental to this right the privilege of going to and from his premises over the intervening strip of bluff and beach upland belonging to the respondent. *Owen* v. *Field*, 102 Mass. 90. It appeared that the petitioner had built steps in front of his house down the bluff to the beach, but to establish his right to reach the beach over the intervening strip of land it was not incumbent on him to prove that he had acquired the right to pass over it in a specified defined course. The easement was not of a way but of a right to use the beach. The recognition of an undefined incidental privilege of access is not inconsistent with the general rule that where the easement is of a right of way over land the way should be defined either by deed or by the parties or by the court, but a party entitled to an easement of this kind does not lose it merely because it has not been defined before litigation arises concerning it. See *Barrett* v. *Duchaine*, 254 Mass. 37, 41. The judge ruled in effect that the petitioner had the burden of designating the exact limits of any easement which he claims before he is entitled to have the easement established and located. The decision designates and limits the easement granted, namely, the privilege of using the beach for bathing, and it defined with as much particularity as the law requires the rights which were merely incidental to that easement.

No reversible error is disclosed in any of the exceptions argued.

*Exceptions overruled.*