THE UNITED STATES LEATHER COMPANY OF MASSACHU-
SETTS *vs.* CITY OF LYNN & others.

Essex.   April 3, 1935. — December 30, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, LUMMUS, & QUA, JJ.

*Pond.   Deed*, Interest conveyed, Lost deed.  *Lynn.*

In a land registration proceeding in the Land Court, subsidiary findings made upon evidence as to the scope of a grant made by the town of Lynn between 1633 and 1642, the record of the grant being lost, disclosed no error in a finding that the grant conveyed the fee of Sluice Pond, its area being that resulting from a water level at a specified elevation, subject to the right of an unobstructed flow from the pond for mills on the stream below; and such finding must stand.

PETITION, filed in the Land Court on December 9, 1927.

The case was heard by *Davis*, J.

*P. F. Shanahan*, for the respondents.

*H. F. Knight*, (*H. W. King* with him,) for the petitioner.

RUGG, C.J.   This is a petition to register title to a factory site and also to a mill pond containing about forty-seven and one half acres.  The only present controversy relates to the mill pond.  The case was tried at length. It comes before us on exceptions.  Questions of law alone are presented.  The findings of fact made by the trial judge must stand as true if warranted on any view of the bill of exceptions.  *Erickson* v. *Ames*, 264 Mass. 436, 441.  *Jones*

v. *Stevens*, 276 Mass. 318, 322. The general finding in favor of the petitioner imports a finding of all subsidiary facts and the drawing of all permissible inferences essential to that conclusion. *Kennedy Bros. Inc.* v. *Bird*, 287 Mass. 477, 484.

The case involves the construction of a grant made by the town of Lynn about three hundred years ago. No record of the grant now exists. The decision as to the nature of that grant rests upon the evidence presented, which consisted of a voluminous record title, much oral testimony, and a great number of deeds, plans and data introduced as exhibits. The petitioner asserts title in fee to the pond, known as Sluice Pond, to a water line at an elevation of 74, Lynn city base. The respondent city claims title in itself subject to the right of the petitioner to the use of the pond as a mill pond at that elevation. The records of Lynn prior to 1690 have been destroyed or lost. From certain affidavits used in *Berry* v. *Raddin*, 11 Allen, 577, and introduced in the present trial, it appears that the town of Lynn in 1633 granted to one Tomlins a mill site about a mile below Sluice Pond. It turned out that there was not water power enough at that place to use the mill in the summer time. Thereafter between 1633 and 1642 the town granted to Tomlins a site at Sluice Pond. The petitioner shows a record title from Tomlins to the present time except for a single hiatus about two hundred years ago, as to which it was found that there was an un-recorded deed. The case at bar relates to the second grant to Tomlins. The record of the grant is lost. The evidence as to its scope and extent rests upon affidavits, the practical construction by the parties, deeds of abutting properties and two statutes. The affidavits were taken in 1678 from persons who knew about the second Tomlins grant, one stating that "the place was granted to him [Tomlins] freely" by the town for the use of the mill. This grant was made before any lands in the neighborhood of the pond were set off. When that division was made, the descriptions and boundary lines all ran to and from the pond. In 1813 there was litigation between one Emes, a

predecessor in title of the petitioner, and the owner of a mill lower on the stream. The decision in that litigation established Emes's title to the control of the pond and to the pond itself. Emes thereupon made a specific grant of the pond, which has been followed in all subsequent deeds. In 1866 the case of *Berry* v. *Raddin,* 11 Allen, 577, was decided. That case related to the first grant to Tomlins and to the waters in the brook flowing from Flax Pond, which is below Sluice Pond on the stream. The claim of that plaintiff related solely to the waters as they flowed in the stream and not to the title to the pond. That subject was not then before the court. The statement in that opinion at page 580, that the "grant was not of the pond, but of the waters which flowed therefrom," was no adjudication respecting Sluice Pond. That question was not in issue and was not discussed. That statement is not here controlling. *Vigeant* v. *Postal Telegraph Cable Co.* 260 Mass. 335, 343, 344. *Home Building & Loan Association* v. *Blaisdell,* 290 U. S. 398, 434. The difference between Flax Pond, which is a great pond, and Sluice Pond was recognized by St. 1865, c. 132, whereby the taking of the latter for a water supply by purchase or otherwise was authorized, and by St. 1872, c. 256, whereby the use of the waters of the former was authorized with power to take by purchase or otherwise land on and around its margin.

Sluice Pond has been taxed since 1884 to the petitioner and its predecessors in title. See *Enfield* v. *Woods,* 212 Mass. 547, 553, 554. If the second grant of the town to Tomlins was of Sluice Pond, it included all the land within its borders. *Lynnfield* v. *Peabody,* 219 Mass. 322. Whether the second Tomlins grant was of a defeasible fee for a grist mill need not be discussed in view of the finding that the condition, if any existed, has been waived.

The finding that upon all the evidence the second grant to Tomlins was of the fee of Sluice Pond, subject to the right of an unobstructed flow therefrom for mills on the stream below, is supported by the subsidiary facts found and narrated. It is not necessary to determine the weight to be attached to each factor. Their combined force shows

that no error of law has been committed by the trial judge.

There was controversy as to the elevation of the water in Sluice Pond which governs its area. The conclusion of the trial judge on that point was that the contour line of elevation 74 of the pond is not an arbitrary line. It is the water line at the elevation of the dam as regulated by an overflow pipe. Except for a temporary higher elevation many years ago there has been no material change in the height of water as controlled by the present dam from the earliest days. The height of water in the dam necessarily varies with the seasons and from storms, but, except for such temporary and seasonal fluctuations, it has not changed from elevation 74. It is not necessary to analyze the subsidiary facts which support this conclusion. It must be accepted as true.

We do not understand that the other findings of the trial judge are now contested. However that may be, it is not necessary to summarize or review them. A careful examination of them convinces us that there was no error. They must stand. *Rice* v. *Vineyard Grove Co.* 270 Mass. 81, 85. *Marvel* v. *Cobb*, 204 Mass. 117.

The several requests for rulings need not be examined one by one. They have not been argued in that way. What has been said is decisive of them all. So far as not granted there was no reversible error in their denial.

*Exceptions overruled.*