Curtin, J.
By complaint filed on May 27, 2005, the plaintiff Trustees of the Cider Hill Condominium Trust (“Trustees”) alleged that defendant-unit owner Sandra DeOliveira owed $1,696.02 in common area assessment late charges and legal fees incurred in the collection of those late charges. There was no allegation that any common area assessment per se remained unpaid. On December 19, 2005, the Trustees filed a motion for summary judgment supported by (1) the condominium documents, including the 1979 Declaration of Covenants, Easements and Restrictions, the 1979 By-Laws and the 2004 Rules and Regulations; and (2) an affidavit of the managing agent of an independent provider of management services to the Trust. The agent averred that based on his review of the “journal of condominium common expense payments” for the defendant’s unit, she owed $2,311.06 as of December 14, 2005. Neither the journal, nor any other documentary evidence detailing the nature, amounts or due dates of any specific unpaid charges or fees, was offered. See Baker v. Monga, 32 Mass. App. Ct. 450, 452 (1992).
The defendant did not file a counter-affidavit, but instead submitted a legal memorandum opposing summary judgment on the sole ground that the condominium by-laws did not permit the imposition of late charges on unpaid common area assessments. After hearing, the motion judge granted summary judgment in favor of the Trustees, but ruled that
a hearing must be scheduled for an assessment of damages, if any, and reasonable attorney’s fees, if any, related to the collection of amounts due under Article VI of the by-laws. It is the opinion of this court that late fees are not permitted under the by-laws. Therefore, attorney’s fees related to the collection of said late fees would not be recoverable.
The Trustees’ motion for reconsideration was denied, and a hearing for the assessment of damages was scheduled by the court. Counsel for both parties responded with a Joint Stipulation as to Damages, stating in part:
7. The only amounts in damages plaintiffs are seeking to recover in this action are late fees and attorney’s fees related to the collection of said late fees.
8. In light of the Court’s decision that late fees and attorneys fees related *2 to the collection of late fees are not recoverable and in light of the fact that the only amounts in damages plaintiffs are seeking to recover in this action are late fees and attorneys fees related to the collection of said late fees, the parties jointly stipulate that plaintiffs have no damages which are not either late fees or attorneys fees related to the collection of late fees.
9. Therefore, the parties stipulate to the Assessment of Damages in favor of plaintiffs in the amount of $0.00.
Summary judgment in favor of the Trustees for zero dollars was thereafter entered, and the Trustees filed this Dist./Mun. Cts. R. A. D. A., Rule 8C, appeal.
1. The only effort by either party to illuminate the factual underpinnings of this case is set forth in the defendants appellate brief. She asserts that the parties’ controversy stemmed from her payment of her July, 2003 common area assessment by a check which was returned to the Trustees for insufficient funds; that she remained unaware of the check dishonor until March 8, 2005, when the Trustees finally issued the written notice required by G.L.c. 183A, §6(c) that payment of her common area assessment 21 months earlier was delinquent; that she paid the assessment itself in early May, 2005, prior to the commencement of this action; and that she did not pay whatever late charges and attorneys fees the Trustees have been automatically adding to her account since July, 2003 because there is no provision for the imposition of such charges in the condominium by-laws. While the defendant’s assertions would have been helpful, at least in terms of delineating the date of her alleged indebtedness, there is little in the record before us to substantiate them. As noted, the defendant did not file a Mass. R. Civ. R, Rule 56, counter-affidavit, and there is nothing in the parties’ summary judgment materials to indicate that the defendant’s account of the parties’ controversy was properly before the motion judge.
More significantly, the defendant’s objections to, or explanation for, her refusal to pay the late charges and attorneys fees at issue does not constitute a defense in this action. By virtue of G.L.c. 183A, §10 (b), any charges or interest imposed for the late payment of common area assessments, and any expenses incurred in that process, constitute “common expenses.” “[A] condominium unit owner may not challenge a common expense assessment by refusing to pay it....” Blood v. Edgar’s Inc., 36 Mass. App. Ct. 402, 406 (1994). The defendant was obligated to pay the assessments under protest, and then seek a judicial determination of their legality as well as appropriate reimbursement and any other necessary legal or equitable relief. Id. at 405. The defendant did not do so.
2. Thus, the Trustees are entitled to recover any late charges lawfully imposed, legal expenses necessarily incurred, interest and costs. With respect to late charges, G.L.c. 183A, §10 (b) vested the Trust, “among its other powers,” with the authority “ (5) [t]o impose charges or to charge interest for the late payment of common expenses assessments or other charges, and to levy reasonable fines for violations of the master deed, trust, by-laws, restrictions, rules or regulations of the organization of unit owners.” In January, 2004, the Trustees amended the Rules and Regulations to provide for a late fee of $25.00 on any common area assessment not paid within ten days of its due date. Thus, any common area assessment remaining unpaid by the defendant after January, 2004 would appear to have been subject to a late charge.
Judgment for the plaintiffs in the amount of zero dollars is vacated. The action is returned to the trial court for an evidentiary hearing for the assessment of damages and for entry of judgment in the amount assessed in favor of the plaintiff Trustees.
So ordered.