FRANCESCA BUSALACCHI & others,[1] trustees,[2] *vs.* WAYNE T.
McCABE & another.[3]

No. 06-P-1334.

Suffolk. June 12, 2007. - April 2, 2008.

Present: DUFFLY, COHEN, & TRAINOR, JJ.

*Condominiums,* Common area. *Easement. Real Property,* Condominium, Easement, Merger.

In a civil action concerning a disputed four-foot right of way that was claimed to burden the common area of a condominium, the judge properly granted summary judgment in favor of the defendants (owners of a parcel of property adjacent to the condominium), where the grantor of the master deed creating the condominium (who, at the time of the grant, also owned the adjacent parcel) could burden the condominium land by reservation of an easement without violating the condominium law, G. L. c. 183A [496], and where the common-law doctrine of merger, which is applicable to the condominium form of ownership, did not nullify the reservation of the easement in this instance, because the grantor's ownership of the condominium land (as sole trustee of the condominium owners' organization and sole owner of all the individual units, subject to the rights and obligations established by G. L. c. 183A) was not coextensive with his fee simple absolute ownership of the adjacent parcel [496-501].

CIVIL ACTION commenced in the Land Court Department on June 20, 2005.

The case was heard by *Leon J. Lombardi,* J., on motions for summary judgment.

*Anthony S. Summers* for the plaintiffs.

*Edward E. Veara* for the defendants.

TRAINOR, J. This appeal arises from a dispute between trustees of the Ocean Breeze Condominium (condominium) in North

[1]Luisa Zauli and Nicola Vichert.
[2]Of the Ocean Breeze Condominium Trust.
[3]Carol A. McCabe.

Truro and Wayne T. and Carol A. McCabe (McCabes), owners of an adjacent property, concerning a disputed four-foot wide right of way that is claimed to burden the condominium common area. No dispute existed as to the material facts, and at the court's urging, the parties filed cross motions for summary judgment. Interpreting G. L. c. 183A as intending to exempt the condominium form of ownership from the common-law doctrine of merger, the Land Court judge granted the McCabes' motion for summary judgment and denied the trustees' motion, declaring the easement legally enforceable. We affirm the summary judgment in favor of the McCabes.

*Background.* Our standard of review requires that we examine the evidence in the light most favorable to the nonmoving party and "uphold an order granting summary judgment if the judge ruled on undisputed material facts and his ruling was correct as a matter of law." *O'Rourke* v. *Hunter*, 446 Mass. 814, 821 (2006). Where, as here, the parties did not contest any of the material facts and the question to decide was solely one of law, the matter was appropriately decided pursuant to a summary judgment. The following facts are taken from the undisputed summary judgment record.

In April, 1986, Oscar F. Weisser, trustee of the Weisser Family Trust, conveyed a parcel of land (beach parcel) to Robert G. Weisser (Weisser). The beach parcel lies between County Road (Route 6A) in North Truro and "the waters of Cape Cod Bay." In December, 1988, Oscar F. and Madelyn O. Weisser transferred another parcel of land to Weisser. This parcel (inland parcel) abuts the northeasterly sideline of Route 6A and lies directly across Route 6A from the beach parcel.

In September, 1989, Weisser simultaneously executed and recorded a master deed creating the condominium on the beach parcel, which consisted of common areas and ten residential units located in seven buildings, and a declaration of trust for the condominium owners' organization. At the same time, Weisser recorded the "Plan of Land in (North) Truro as surveyed for Robert G. Weisser depicting the Ocean Breeze Condominium" (plan). The master deed describes the location of the condominium

by reference to a detailed description of the beach parcel, a copy of which was attached to the master deed as Exhibit "A."

The master deed states that the common areas shall "consist of . . . [t]he land described in Exhibit 'A' together with the benefit of and subject to the rights and esements [*sic*] referred to in Exhibit 'A'." It also provides that "[a]ll present and future owners . . . shall be subject to, and shall comply with, the provisions of the Master Deed" and "[t]he acceptance of a deed or conveyance or entering into possession of any Unit shall constitute an agreement that . . . the provisions of this Master Deed . . . are accepted and ratified by such owner." Exhibit "A" to the master deed states that "[t]he premises are conveyed subject to the reservation of [Weisser] of a right of way four (4') feet in width running from Route 6A to Cape Cod Bay as shown on the [plan] . . . together with the right to use the beach area for bathing, boating and other recreational purposes. Said right of way . . . is appurtenant to other land of [Weisser] located on the northerly side of State Highway Route 6A [i.e., the inland parcel]." The plan depicts the disputed way as an "easement 4' wide" that runs southwesterly for the entire length of the beach parcel from the southwesterly sideline of Route 6A to Cape Cod Bay. As shown on the plan, the disputed easement crosses common areas of the condominium described as "gravel parking area," "patio block sidewalk," "block patio," and "beach."

At this crucial juncture, Weisser simultaneously owned the inland parcel in fee simple absolute and was the sole trustee and owner of all the individual units in the condominium.

Shortly after recording the master deed, declaration of trust, and plan, Weisser conveyed the first condominium unit. Between August, 1990, and July, 1997, Weisser sold another six condominium units. In July, 1998, Weisser conveyed the inland parcel to the McCabes. After this transfer and by June, 1999, Weisser had sold all the remaining condominium units to various third parties.

In June, 2005, the trustees filed a verified complaint in Land Court, seeking a declaration that the reservation of the easement was void ab initio pursuant to the common-law doctrine of merger.

*Discussion.* Easements, including rights of way, are limited, nonownership, and nonpossessory interests in realty. *M.P.M. Builders, LLC* v. *Dwyer*, 442 Mass. 87, 88 n.3, 92 (2004). A right of way provides rights of ingress, egress, and travel over the land subject to the easement. See *Crullen* v. *Edison Elec. Illuminating Co.*, 254 Mass. 93, 94 (1925); *Nantucket Conservation Foundation, Inc.* v. *Russell Mgmt., Inc.*, 380 Mass. 212, 216 (1980). The law in this Commonwealth is well settled that grantors may create easements for themselves over lands being conveyed to grantees by including specific reservations in the instruments of conveyance. See Eno & Hovey, Real Estate Law § 8.11 (4th ed. 2004). "[B]y a reservation[,] a grantor reserves some new thing to himself, not in existence before, out of the granted premises, such as . . . an easement." *Stockwell* v. *Couillard*, 129 Mass. 231, 233 (1880).

It is also well-settled that a developer may reserve nonownership interests in condominium property without conflicting with G. L. c. 183A. See *Commercial Wharf E. Condominium Assn.* v. *Waterfront Parking Corp.*, 407 Mass. 123, 128-129 (1990), *S.C.*, 412 Mass. 309 (1992) ("by enacting G. L. c. 183A . . . , the Legislature did not intend to preclude . . . nonownership interests in condominium land"). In *Commercial Wharf*, the court determined that, in the absence of express statutory language to the contrary, common-law principles were to be applied to the condominium form of property ownership. See *id.* at 129. Since "[n]othing in [G. L. c. 183A] purports to prevent the existence of nonownership interests in the common areas," and because grantors may reserve easements in property conveyed in this Commonwealth, condominium land may also be burdened by such servitudes without violating the condominium statute. *Id.* at 130.

A line of cases after *Commercial Wharf* have enumerated the types of nonownership interests that may be reserved and how such reservations might be effectuated in compliance with G. L. c. 183A. See *Beaconsfield Towne House Condominium Trust* v. *Zussman*, 416 Mass. 505, 508 (1993) (since developer entered into long-term lease of portion of property before declaring property as condominium, developer did not violate G. L.

c. 183A); *Strauss* v. *Oyster River Condominium Trust*, 417 Mass. 442, 446 (1994) (acknowledging developer's right to "retain . . . property interest" by express reservation in master deed); *Queler* v. *Skowron*, 438 Mass. 304, 314 (2002) (allowing reservation in master deed and reservation of right of reverter in "unphased portions of" condominium development); *CBK Brook House I Ltd. Partnership* v. *Berlin*, 64 Mass. App. Ct. 913, 913-914 (2005) (allowing reservation of easement by amendment to master deed, when no units had yet been sold).

Without a clear expression from the Legislature breaking with the common law, the common law will apply. See *Pineo* v. *White*, 320 Mass. 487, 491 (1946) ("statute . . . not to be interpreted as effecting . . . a repeal of the common law unless [such] intent . . . is clearly expressed"). See also *Kaplan* v. *Boudreaux*, 410 Mass. 435, 442 (1991) (although "condominiums are essentially creatures of statute," when the statute is silent, "look to the common law" for guidance); *Berish* v. *Bornstein*, 437 Mass. 252, 263 (2002) (extending common-law implied warranty of habitability to residential condominiums). Neither G. L. c. 183A nor case law makes express exception to the doctrine of merger applying to the condominium form of ownership.

Massachusetts courts have recognized the doctrine of merger at least since the mid-nineteenth century.[4] See *Ritger* v. *Parker*, 8 Cush. 145, 146-150 (1851); *Atlanta Mills* v. *Mason*, 120 Mass. 244, 251-252 (1874); *Rice* v. *Vineyard Grove Co.*, 270 Mass. 81, 86 (1930); *Parkinson* v. *Assessors of Medfield*, 398 Mass. 112, 114 n.3 (1986); *Myers* v. *Salin*, 13 Mass. App. Ct. 127, 142 (1982); *Cheever* v. *Graves*, 32 Mass. App. Ct. 601, 606-609 (1992); *Murphy* v. *Olsen*, 63 Mass. App. Ct. 417, 420 n.12 (2005). The doctrine requires that a servitude terminates "when all the benefits and burdens come into a single ownership." Restatement (Third) of Property (Servitudes) § 7.5 (2000). A "servitude is a right, which one proprietor has to some profit,

---

[4]For early expressions of this doctrine, see Gale & Whatley, Law of Easements 253 (1840) ("As an easement is a charge imposed upon the servient, for the advantage of the dominant tenement, when these are united in the same owner the easement is extinguished"); Woolrych, The Law of Rights of Common 148 (1824) ("To perpetuate the extinguishment incident to unity of possession, the estates thus united must be respectively equal in duration, and not liable to be again disjoined by the act of law").

benefit, or beneficial use, out of, in, or over the estate of another proprietor." *Ritger* v. *Parker*, 8 Cush. at 147. When the dominant and servient estates come into common ownership there is no practical need for the servitude's continued existence, as the owner already has "the full and unlimited right and power to make any and every possible use of the land." *Ibid.*

Two requirements must be present for the doctrine of merger to apply in Massachusetts. First, the unity of title between the affected parcels must be of "a permanent and enduring estate, an estate in fee in both," because "the merger of the easement . . . arises from that unlimited power of disposal." *Id.* at 147-148. The union of defeasible estates cannot extinguish servitudes by merger. See *id.* at 149; *Mt. Holyoke Realty Corp.* v. *Holyoke Realty Corp.*, 284 Mass. 100, 108 (1933) ("unity of title does not exist when two separate mortgages on two parcels are held by one person"); *Murphy* v. *Olsen*, 63 Mass. App. Ct. at 420 n.12 (mortgages on land preclude extinguishment of servitudes by merger).

Second, this unity of title only occurs when two ownership interests are coextensive. See *Rice* v. *Vineyard Grove Co.*, 270 Mass. at 86; *Cheever* v. *Graves*, 32 Mass. App. Ct. at 606. By coextensive, we mean that the type of ownership interest being united must be the same; a fee simple absolute interest, for example, cannot be merged with an interest in joint ownership to extinguish an easement. See *Atlanta Mills* v. *Mason*, 120 Mass. at 251 ("When [owner] holds one estate in severalty and . . . a fractional part of the other, there is no extinguishment of an easement"). See also *Parkinson* v. *Assessors of Medfield*, 398 Mass. at 114 n.3 ("easement will not be extinguished at common law where an intervening life estate prevents complete unity of ownership"); *Myers* v. *Salin*, 13 Mass. App. Ct. at 142 (no unity of title where spouse owns one property individually and another jointly as tenants by entirety). Although a subsequent conveyance of one of the commonly held parcels will not automatically revive the extinguished easement, the doctrine in no way precludes the common owner from recreating precisely the same easement by express reservation. See *Ritger* v. *Parker*, 8 Cush. at 148 (owner may "grant any part of the soil with the former incidents, or . . . without former incidents").

Though it borrows from both individual and common forms of ownership, condominium ownership differs from both. See *Berish* v. *Bornstein*, 437 Mass. at 262 ("[o]wnership of a residential condominium involves a form of property ownership different from ownership of a house"). Section 3 of G. L. c. 183A states, "[e]ach unit together with its undivided interest in the common areas and facilities . . . shall constitute real estate." Section 4 of G. L. c. 183A provides that the condominium unit owner has "exclusive ownership possession of his unit," subject to a number of limitations.

Thus, "[o]wnership of a condominium unit is a hybrid form of interest in real estate, entitling the owner to both 'exclusive ownership and possession of his unit, G. L. c. 183A, § 4, and . . . an undivided interest [as tenant in common together with all the other unit owners] in the common areas . . . .' " *Noble* v. *Murphy*, 34 Mass. App. Ct. 452, 455-456 (1993), quoting from *Kaplan* v. *Boudreaux*, 410 Mass. at 438. It is "[t]his division between individual and common rights [that] is basic to the theory of condominium ownership" and required the Legislature to enact G. L. c. 183A. *Golub* v. *Milpo, Inc.*, 402 Mass. 397, 401-402 (1988). Condominium ownership "affords an opportunity to combine the legal benefits of fee simple ownership with the economic advantages of joint acquisition and operation of various amenities including recreational facilities, contracted caretaking, and security safeguards." *Noble* v. *Murphy*, 34 Mass. App. Ct. at 456.

The combination of these benefits, however, renders condominium ownership distinct from fee simple or joint forms of ownership. See, e.g., G. L. c. 183A, § 10(*b*)(4) (provides owners' organization with authority to "conduct litigation and be subject to suit . . . involving the common areas"); G. L. c. 183A, § 10(*b*)(5) (authorizing same to levy charges on unit owners for delinquent payment of dues); *Noble* v. *Murphy*, 34 Mass. App. Ct. at 456-460 (upholding condominium association's pet prohibition, applying "equitable reasonableness" standard in evaluating master deed use restrictions).

At the time of the creation of the easement in this case, Weisser was obligated, as the owner of all of the condominium units, to use these units in a way conforming to the provisions of the

master deed. See G. L. c. 183A, § 4. That Weisser set the terms of the master deed does not change the nature of the obligations resulting from it.[5] Also, in his capacity as sole trustee of the condominium owners' organization, Weisser had standing to sue and to be sued on behalf of all current and future unit owners. See G. L. c. 183A, § 10(b)(4). On the other hand, as owner in fee simple absolute of the inland parcel, no such limitations or obligations were placed on his use and enjoyment of that property.

Simply put, as of September, 1989, even though Weisser was initially the sole trustee of the condominium owners' organization and owner of all the individual units, he held title to the beach parcel subject to the rights and obligations established by G. L. c. 183A. At that same time, Weisser held title to the inland parcel individually in fee simple absolute. Weisser's ownership of the servient and dominant estates did not meet the requirements of the doctrine of merger. The two estates were neither unified nor coextensive at the time of his ownership. Condominium ownership does not equate to either fee simple or joint ownership interests because it has its own "peculiar characteristics." *Grace* v. *Brookline*, 379 Mass. 43, 52 (1979). Therefore, condominium ownership is not coextensive with fee simple absolute ownership. Because the ownerships are not coextensive, there was no unity of title that would have nullified Weisser's reservation of an easement, ab initio, when he declared his property a condominium.[6]

---

[5]Although, during the period that Weisser owned all the units and was the sole trustee of the condominium owners' organization, he could have changed the terms of the master deed unilaterally, he could only do so in accordance with G. L. c. 183A and the case law interpreting it. Thus, for example, unit use restrictions would have had to comport with the "equitable reasonableness" standard enunciated in *Noble* v. *Murphy*, 34 Mass. App. Ct. at 457. Further, he would have been bound by the master deed's mechanism for amending its terms pursuant to G. L. c. 183A, § 8(h). In short, Weisser might have had control, but it was subject to both the substantive limitations and the procedural formalisms of G. L. c. 183A and is, therefore, distinguishable from that exercised by the owner of a fee simple estate.

[6]We note that the record does not disclose whether Weisser had a defeasible or indefeasible estate in either parcel. Because this matter could be determined on other grounds, we have assumed that he possessed indefeasible estates in both parcels at the time of the reservation. Cf. *Ritger* v. *Parker*, 8 Cush. at 149-150; *Mt. Holyoke Realty Corp.* v. *Holyoke Realty Corp.*, 284 Mass. at 107-108.

Thus, the doctrine of merger does not apply to the facts of this case; the easement has legal force.

*Judgment affirmed.*[7]

---

[7]The McCabes have requested an award of costs in their brief. Such a request is not required. See Mass.R.A.P. 26, as amended, 378 Mass. 925 (1979). Contrast *Fabre* v. *Walton*, 441 Mass. 9, 10 (2004) ("In cases where a party seeks an award of appellate fees, he or she must make that request in the brief. See *Yorke Mgt.* v. *Castro*, 406 Mass. 17, 20 [1989]").