Williams, P.J.
The plaintiff, Spinnaker Island and Yacht Club Association (“Spinnaker Island”), brought this action to collect claimed unpaid condominium common area expenses from the defendant, J. Timothy Grobleski (“Grobleski”), who owned boat slip easements at Spinnaker Island’s marina in Hull. Grobleski sought to defend the claim by asserting that his easements, while subject to yacht club fees, were not subject to common expense assessments. More specifically, Grobleski argued that the Condominium Act, G.L.C.183A, did not apply to his easements, and he should, therefore, be able to withhold payment and press his defenses at trial rather than pay the claimed expenses and contest their validity in a separate action.[2] Spinnaker Island obtained summary judgment and was awarded nearly $35,000.00 in common expense fees, plus attorney’s fees. Grobleski appealed. Because we find that Grobleski’s easements were not subject to common area expense assessments, we vacate the entry of summary judgment and return the action to Hingham District Court for trial.
The motion judge apparently found in favor of Spinnaker Island because “the docks in question” are defined in the master deed as part of the common areas of the condominium, making Grobleski liable for common area expenses. We review *282 the entry of summary judgment for Spinnaker Island de novo in order to determine “whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.” Bank of New York v. Bailey, 460 Mass. 327, 331 (2011), quoting Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). We conclude that Spinnaker Island was not entitled to judgment as a matter of law because Grobleski’s easements are not governed by condominium law.
Spinnaker Island was established by a master deed recorded, along with bylaws, in 1985.[3] The master deed provides that the planned marina and yacht club, with their piers and decks, would be “an exclusive common area of the condominium.” Only purchasers of a deed of easement granting them the right to use the yacht club and a specific “docking slip” in the marina could dock boats at the marina. Easements are limited, nonownership and nonpossessory interests in real property. Busalacchi v. McCabe, 71 Mass. App. Ct. 493, 496 (2008). Condominium owners who did not hold such an easement deed were not allowed to use the marina. The master deed further provided that the bylaws would regulate the purchase of the easements, their resale, and the method by which the monthly maintenance fee applicable to easement owners would be set.[4]
The bylaws reiterated that the yacht club and marina were “exclusive common areas.” “[Mjonthly common charges payable by unit owners to meet the common expenses of the Condominium” would be assessed to unit owners based on their percentage interests in the common areas. Boat-slip easement owners, in contrast, would pay fees for the use of the yacht club and marina solely attributable to the sup *283 port of those facilities.[5] Significantly, the bylaws farther provided that boat-slip owners were not members of the association, could not vote, and would not be included “in the calculation or payment of
... common expenses.” The language in the bylaws consistently distinguishes “common charges” payable by unit owners and “Yacht Club fees” payable by slip holders.[6]
Grobleski has never owned a condominium unit at Spinnaker Island.[7] He bought two boat-slip easements, in 1999 and 2004. The deeds for those easements described themselves as conferring “[t]he exclusive right and easement in gross to use” the yacht club and designated “docking slips.”[8]
The inquiry here is whether holding a boat-slip easement subjected its owner to common area fees, and thus the provisions of G.L.c. 183A, thereby obligating that owner to satisfy a claim for common area fees before enjoying the right to challenge *284 those fees. Blood v. Edgar’s Inc., 36 Mass. App. Ct. 402, 405-406 (1994). The docks or piers that define the slips are physically part of the common area. But easements to use the slips — parking spaces for water craft — are closely analogous to the parking-space easements considered in Commercial Wharf E. Condominium Ass'n v. Waterfront Parking Corp., 407 Mass. 123 (1990), S.C., 412 Mass. 309 (1992); CBK Brook House I Ltd. Partnership v. Berlin, 64 Mass. App. Ct. 913 (2005); and Cashin v. Murrow, No. 09-P-2296 (Mass. App. Ct. May 13, 2011) (unpublished Rule 1:28 decision). We conclude that that line of authority controls this action.
It is well settled that grantors may create easements for themselves as to real properly being conveyed to grantees by including specific reservations in the instruments of conveyance. Busalacchi, supra at 496. By such a reservation, “a grantor reserves some new thing to himself, not in existence before, out of the granted premises, such as... an easement.” Id., quoting Stockwell v. Couillard, 129 Mass. 231, 233 (1880). It is further well settled that a condominium developer may reserve nonownership interests, such as easements, in condominium property without offending G.L.c. 183A. Id. at 496, citing Commercial Wharf E. Condominium Ass’n, supra at 128-129. See also CBK Brook House I Ltd. Partnership, supra; Cashin, supra at slip op. 2.
Spinnaker Island would distinguish the Commercial Wharf line of cases because the master deed and bylaws in this case neither explicitly purport to reserve to the developer the easement interests that eventually devolved to Grobleski, nor expressly describe such interests as being retained. Evidence of that, Spinnaker Island argues, is the provision in both the master deed and bylaws that the yacht club and marina were “exclusive common areas.” Those facilities themselves were indeed common areas. But the master deed, bylaws, and the easement deeds make clear that their intent was to treat easement holders differently from unit owners in terms of their rights and payment obligations. The freely alienable easements held in gross by Grobleski are not materially different from the easements at issue in Commercial Wharf, CBK Brook House, and Cashin. We do not find the lack of explicit reservation or retention language in the governing documents sufficient to separate this case from that line of authority. The implicit reservation of the boat-slip easements was obviously accomplished to preclude condominium ownership of those easements, see Fenmore Assocs., LLC v. Trustees ofFenmore Condominium Trust, No 10-P-1876 (Mass. App. Ct. Oct. 5, 2011) (unpublished Rule 1:28 decision), presumably to create a separate avenue of income generation: yacht-club fees, as distinct from (or, for unit owners with boat-slip easements, in addition to) common area assessments.
Grobleski’s obligation to pay easement fees is not subject to G.L.c. 183A He may assert defenses, including counterclaims, in Spinnaker Island’s claim for such fees in this action.
A secondary issue presented on this appeal is whether Grobleski has abandoned the boat-slip easements, which he claims to have done in 2008 when he stopped using them, but see 107 Manor Ave. LLC v. Fontanella, 74 Mass. App. Ct. 155, 158 (2009) (easement not extinguished by nonuse alone, however long continued), or at least to have done in September, 2010, when he purportedly conveyed them back to Spinnaker Island. The only mention of this issue in the motion judge’s decision, though, is a finding that the claimed 2010 transfers had not complied with the bylaws, which conclusion is correct. It cannot be fairly inferred from this finding, *285 however, whether Grobleski had effectively expressed an intention by those attempted transfers, or at some other time, to abandon the easements. Abandonment is ordinarily a question of intention and, therefore, of fact. Id. See also Town of Sudbury v. Scott, 439 Mass. 288, 302 (2003) and cases cited (person’s intent is question of fact determined from declarations, conduct, motive and circumstances). The motion judge’s view that Grobleski’s liability for fees was subject to G.Lc. 183A did not allow Grobleski to assert defenses to Spinnaker Island’s claim and prevented a full consideration of the abandonment issue. Thus, we do not decide whether or when Grobleski abandoned the easements, and leave that issue, which obviously affects the amount of easement fees Grobleski must pay, if any, for trial.
The judgment for Spinnaker Island is vacated, the allowance of Spinnaker Island’s summary judgment motion is reversed, and the case is returned to the Hingham District Court for trial.
So ordered.

 A condominium unit owner may not challenge a common expense assessment by refusing to pay it, but must pay under protest, and then seek a judicial determination of the legality of the assessment as well as appropriate reimbursement and other relief. Trustees of Cider Hill Condominium Trust v. DeOliveira, 2007 Mass. App. Div. 1, 2, citing Blood v. Edgar’s Inc., 36 Mass. App. Ct. 402, 405-406 (1994). The teaching of Blood would normally bar the assertion of defenses and counterclaims. See Cashin v. Murrow, No. 09-P-2296, at 3 (Mass. App. Ct. May 13, 2011) (unpublished Rule 1:28 decision); but the bar may be waived. See Ambrose v. Dyson, No. 08-P-673, at 2 n.13 (Mass. App. Ct. July 6, 2009) (unpublished Rule 1:28 decision).

 “A condominium is created by a ‘declaranf who records a master deed that ‘submits’ land to the provisions of G.L.c. 183A. See G.L. c. 183A, §§1,2. The master deed sets forth the nature of the property interest being conveyed, describes the land, buildings, units, and common areas of the condominium, [and] sets forth the purposes for and use restrictions on said buildings and units....” Queler v. Skowron, 438 Mass. 304, 311 (2002). The master deed dictates, then, “the rules of the game.” CBK Brook House I Ltd. Partnership v. Berlin, 64 Mass. App. Ct. 913, 914 (2005), quoting Strauss v. Oyster River Condominium Trust, 417 Mass. 442, 452 (1994), and the interests of unit owners and easement holders are subject to “the limitations set forth in the master deed and the condominium bylaws.” Id., quoting 39 Joy Street Condominium Ass’n v. Board of Appeal of Boston, 426 Mass. 485, 487 (1998).

 The pertinent language is: “The Marina and Yacht Club to be constructed, with all the surrounding piers, ramps and decking, is an exclusive common area of the Condominium. The right to dock boats at the Marina of the Yacht Club is restricted to those who have purchased a Deed of Easement which grants to the easement holder the exclusive right to use the Yacht Club facility including a specific docking slip in the Marina intended for the docking of a boat.... Unit owners who elect not to purchase the Deed of Easement will not have the use of the Marina.... Rules and Regulations concerning the purchase of docking easements, their subsequent resale, as well as the method of settling the monthly maintenance fee for easement owners and Yacht Club members are set forth in the By-laws.”

 The pertinent language is: “The Yacht Club and Marina are exclusive common areas within the Condominium.... The Managing Board shall from time to time, and at least annually, prepare a budget for the Condominium, and for the Yacht Club and Marina. The estimated amount of the monthly common charges payable by unit owners to meet the common expenses of the Condominium as determined by the Managing Board, shall be assessed to the unit owners according to their respective percentage interests in the common areas and facilities. ... Easement owners (whether or not unit owners) shall be liable for payment of fees as determined by the Managing Board for the use of the Yacht Club and Marina (Yacht Club fees’), which fees shall be for expenses solely attributable to the operation, maintenance and support of the Yacht Club and Marina facilities (as defined in the Master Deed). ... Included in these Yacht Club fees shall be a reasonable portion of the bridge and parking maintenance expenses as determined by the Board of Managers to relate to their usage in relation to the Yacht Club and Marina, and the cost of electricity supplied to the Marina.... Easement owners who do not own units will not have any vote in or be members of the Association, or be included in the calculation or payment of the Condominium common expenses.”

 The relevant language is as follows: “All common charges and Yacht Club fees shall be paid by each unit owner and easement owner, respectively.... The Managing Board shall advise all unit owners and easement owners promptly in writing of the amount of common charges and of Yacht Club fees payable by each of them, respectively, as determined by the Managing Board aforesaid, and shall furnish copies of each budget on which such common charges and Yacht Club fees are based, to all unit owners and easement owners....”

 “Ownership of a condominium unit is a hybrid form of interest in real estate, entitling the owner to both ‘exclusive ownership and possession of his unit, G.L.c. 183A, §4, and... an undivided interest [as tenant in common together with all the other unit owners] in the common areas. ...”’ Board of Managers of Old Colony Village Condominium v. Preu, 80 Mass. App. Ct. 728, 732 (2011), quoting Kaplan v. Boudreaux, 410 Mass. 435, 438 (1991).

 Although the easement deeds are not included in the record, the affidavit of Gregory C. Howard, which is, quotes from them.