Ostrach, J.
The defendant-appellant, a realty trust represented by its attorney-trustee, owns a condominium unit that is part of the plaintiff-appellee condominium trust, and appeals from the dismissal by the trial court of its appeal from a judgment allowing summary judgment to the condominium trust on its complaint and dismissing the realty trust's counterclaim. Finding no error, we affirm.
For purposes of this appeal, the facts are simple and not in dispute. In January, 2011, the plaintiff, Trustees of Pine Hills Village Condominium Trust (“Pine Hills”), filed an action in the Plymouth District Court against the defendant, Donald Correa, Trustee of the Linscott Realty Trust (“Linscott”), seeking to recover damages for unpaid common area fees and related costs, to establish a lien against the unit for that sum, and for permission to sell the unit to recover that sum. Linscott filed an answer and a counterclaim, which set out claims designed to reduce or offset Pine Hills’ claim for the unpaid common area fees. In August, Pine Hills filed a motion for summary judgment, which Linscott opposed. In September, the motion for summary judgment was allowed, and the court signed a “Judgment and Order” (most probably using a form Judgment filed by the plaintiff, as is common in such cases). That order was not a final, appeal-able judgment since it did not address or resolve the pending counterclaim. Nonetheless, Linscott filed a notice of appeal from the September order. That notice recognized that the September order was not a final judgment (indeed, Linscott identified the existence of the counterclaim as the first issue on appeal, noting that given the counterclaim, “final judgment cannot enter”). Linscott pursued that appeal, filing a designation of the record and sending a request for transcription of the hearing.
In November, 2011, Pine Hills filed a motion to dismiss the counterclaim. Linscott *194 opposed that motion, arguing that its counterclaim was “permissive” and should not be dismissed on the merits. The motion to dismiss was allowed on December 7 by a second judge, whom Linscott alleges noted that Linscott remained free to bring the counterclaim in a separate action. Linscott sought reconsideration of dismissal of the counterclaim, and when that motion was denied, Linscott filed in February, 2012 an “Amended Notice of Appeal,” appealing only the issue of the dismissal of the counterclaim and noting that the original appeal was filed as a protective action since the case “had not reached a point of final judgment.”
The record does not show that anything whatsoever then happened for the next four months until, in late June, 2012, Pine Hills filed a motion to dismiss the appeal for failure to prosecute. Over Linscott’s objection, that motion was allowed by a third judge. It is that order that is the subject of the appeal now before us.
The trial court correctly dismissed Linscott’s appeal (or appeals). The original appeal was obviously premature, as Linscott itself noticed. The form “Judgment and Order” was not a final order since it did not resolve the counterclaim. That appeal therefore is a nullity of no significance.[3]
The “Amended Appeal” was also properly dismissed since Linscott took absolutely no timely action to prosecute it. The designation of the record in the first appeal does not avail it since the “record” that relates to the “Amended Appeal,” i.e., dismissal of the counterclaim, was different and the hearing that should have been transcribed was a different one from the earlier hearing of which Linscott requested transcription. Linscott took no action to prepare either.
There is also a substantive reason the trial court was correct to dismiss Linscott’s appeal or appeals. Linscott noted in its opposition to the motion to dismiss the appeal, “Linscott’s counterclaim has always been at the center of the controversy between the parties.” And on that matter, it is absolutely clear that the trial court correctly concluded that a counterclaim cannot be brought in a case such as this. The condominium statute, G.L.c. 183A, §7, provides that unit owners may not offset claims against the association’s assessments for common charges. The Supreme Judicial Court, the Appeals Court, and this Division have all unambiguously held that “ [w] hatever grievance a unit owner may have against the condominium trustees must not be permitted to affect the collection of lawfully assessed common area expense charges.” Trustees of the Prince Condominium Trust v. Prosser, 412 Mass. 723, 725-726 (1992). See Blood v. Edgar’s, Inc., 36 Mass. App. Ct. 402, 404-407 (1994); Board of Managers of Spinnaker Island Condominium & Yacht Club v. Grobleski, 2011 Mass. App. Div. 281 n.2.
We understand and agree that dismissals by the trial court of appeals taken from its own decisions deny appellants opportunity for plenary review of their claims and therefore are not favored. But where, as here, the undisputed facts and clear controlling legal precedent demonstrate that the counterclaim that Linscott admits is cen *195 tral to its case cannot be heard in a case such as this, dismissal of the appeal was appropriate and must he affirmed.
The decision of the trial court is summarily affirmed.[4]

 Furthermore, since on December 1,2011, Linscott filed a motion for reconsideration of the first judgment, the pending notice of appeal “shall have no effect.” Dist./Mun. Cts. R, A. D. A., Rule 4(a).

 General Laws c. 183A, §6 permits a successful plaintiff in a case like this to seek attorney’s fees. Accordingly, counsel for Pine Hills shall have ten days from the date of this opinion to seek appellate attorney’s fees by filing an application with the appropriate documentation with the Appellate Division. Counsel for the defendant may file an opposition, if he chooses, within ten days thereafter.